UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62051-CIV-COHN/SELTZER

MICHAEL NEWTON,

      Plaintiff,

v.

PALM COAST RECOVERY CORP.,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DIRECTING PLAINTIFF TO AMEND INITIAL DISCLOSURES

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction [DE 8] ("Motion to Dismiss").  The Court has carefully reviewed the Motion to Dismiss, Plaintiff's Response [DE 14], Defendant's Reply [DE 15], and is otherwise fully advised in the premises.

**I.  Background**

Defendant Palm Coast Recovery Corporation ("Palm Coast") purchases and collects consumer debts.  See DE 1 (Compl.) at 2, ¶ 7; DE 9 (Answer) at 2, ¶ 7. In November 1993, another company obtained a judgment against Plaintiff Michael Newton for a defaulted loan debt.  See DE 1 at 2, ¶¶ 8-10; DE 9 at 2, ¶¶ 8-10. That company assigned the judgment to Palm Coast in May 1998.  See DE 1 at 2, ¶ 11; DE 9 at 2, ¶ 11.  In November 2012, Palm Coast sued Newton in Florida state court to obtain another judgment against him based on the 1993 judgment.  See DE 1 at 2, ¶ 12; DE 9 at 2, ¶ 12.

On September 20, 2013, Newton brought this action against Palm Coast.

He alleges that Palm Coast attempted to collect a debt from him without first having

registered as a consumer collection agency in the State of Florida, as required by the

Florida Consumer Collection Practices Act ("FCCPA").  See Fla. Stat. §§ 559.553,

559.555.  Further, Newton claims that because Palm Coast was not legally authorized

to collect consumer debts without this registration, Palm Coast's state-court lawsuit

against him violated the federal Fair Debt Collection Practices Act ("FDCPA").

See 15 U.S.C. § 1692e(5) (prohibiting debt collectors from "threat[ening] to take any

action that cannot legally be taken"); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185,

1192 (11th Cir. 2010) (per curiam) (holding that debt collector's violation of FCCPA

registration requirement may support FDCPA claim under § 1692e(5)).  Newton's

Complaint requests the following relief:

> a.   Damages;
>
> b.   Attorney's fees, litigation expenses and costs of suit;
>     and
>
> c.   Such other or further relief as the Court deems
>     proper.

DE 1 at 3-4.

On October 11, 2013, Palm Coast served Newton with an Offer of Judgment

pursuant to Rule 68 of the Federal Rules of Civil Procedure.  See DE 8-1 ("Offer").

As relevant here, the Offer stated as follows:

> Defendant, PALM COAST RECOVERY CORP.,
> hereby offers to allow entry of judgment pursuant to Rule 68
> . . . in favor of named Plaintiff, MICHAEL NEWTON, against
> Defendant, PALM COAST RECOVERY CORP., in the sum
> of One Thousand and One and NO/100 Dollars ($1,001.00),
> plus reasonable attorney fees and costs incurred to date by
> the Plaintiff, and including attorney fees and costs incurred

in establishing the amount of fees and costs, to be
determined by the Court.

Id. at 1, ¶ 2.  Newton did not accept the Offer.  See Fed. R. Civ. P. 68.

On October 30, 2013, Palm Coast filed an Answer denying liability to Newton.

See DE 9.  The same day, Palm Coast filed its present Motion to Dismiss.  See DE 8.

Palm Coast contends that this action is moot because its Offer to Newton "exceeds the

maximum amount that [he] could possibly recover for his claim."  Id. at 2, ¶ 5.  Palm

Coast thus maintains that the Court lacks subject-matter jurisdiction to consider the

merits of Newton's claim.[1]  See Fed. R. Civ. P. 12(b)(1).  In opposing the Motion to

Dismiss, Newton argues that Palm Coast did not offer him the full recovery he

seeks—in particular, actual damages—and therefore the case is not moot.  See DE 14.

II.     Discussion

"Article III of the United States Constitution limits the jurisdiction of federal courts

to cases and controversies."  Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir.

2012) (citing Flast v. Cohen, 392 U.S. 83, 94 (1968)), cert. denied, 133 S. Ct. 2337

(2013).  A key facet of the case-and-controversy requirement is that a court may not

rule on issues that have become moot.  See id.  "An issue is moot when it no longer

presents a live controversy with respect to which the court can give meaningful relief."

Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir.

2009) (internal quotation marks omitted).

Courts are divided about whether an unaccepted offer of judgment providing all

relief sought by a plaintiff renders the action moot.  See Diaz v. First Am. Home Buyers

---

[1] Palm Coast requests, however, that the Court retain jurisdiction solely to
decide the amount of Newton's attorney's fees and costs.  See DE 8 at 4.

Prot. Corp., 732 F.3d 948, 952-53 (9th Cir. 2013) (discussing competing authorities on this issue).  Both the Supreme Court and the Eleventh Circuit have recognized this question but have declined to address it.  See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528-29 (2013); Zinni, 692 F.3d at 1167 n.8.  This Court has adopted the majority view that an unaccepted offer of judgment for the full amount of a plaintiff's claim moots the case.  See, e.g., Moten v. Broward Cnty., No. 10–62398–CIV, 2012 WL 526790, at *2 (S.D. Fla. Feb. 16, 2012) ("Whether or not the plaintiff accepts the offer, generally, an offer of judgment providing the plaintiff with the maximum allowable relief will moot the plaintiff's claim.  Therefore, Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." (alterations, citations, & internal quotation marks omitted)); see also Benggio v. Prof'l Recovery Servs., Inc., No. 12–60168–CIV, 2012 WL 2930931, at *2 (S.D. Fla. July 18, 2012) ("When a plaintiff is tendered an offer of judgment for the maximum allowable relief, it moots an FDCPA claim, even when that offer is not accepted." (citations omitted)).

To make a claim moot, however, an offer of judgment must "encompass all relief Plaintiff seeks to recover."  Lynch v. First Nat'l Collection Bureau, Inc., No. 11–60798–CIV, 2011 WL 2457903, at *1 (S.D. Fla. June 17, 2011); cf. Zinni, 692 F.3d at 1167-68 (holding that settlement offers did not moot plaintiffs' FDCPA claims because offers did not include "the full relief requested").  Here, the parties' arguments focus on whether Palm Coast offered Newton the full recovery he seeks in this action.  Specifically, the parties dispute whether Newton has sufficiently pleaded actual damages.

In general, a debt collector that violates the FDCPA is liable to the affected person for the following monetary relief:

4

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). Palm Coast asserts that Newton's Complaint "only seek[s] statutory damages and reasonable attorney's fees" and that he "has not pled actual damages." DE 8 at 2 n.1. Newton responds that he does seek actual damages, arguing that the prayer for "Damages" in his Complaint includes both actual and statutory damages.

A complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). To meet this requirement, a plaintiff need not specify his damages in detail, so long as his prayer for relief fairly encompasses the damages sought. See Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1123-24 (11th Cir. 2006) (reversing dismissal of Fair Credit Reporting Act complaint for failure to specify damages and holding that "under the notice pleading standard," plaintiff's general requests for compensatory damages and other appropriate relief included all damages available under statute); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Here, Newton's prayer for "Damages" and "Such other or further relief as the Court deems proper" sufficiently notifies Palm Coast that he is seeking both actual and statutory damages recoverable under the FDCPA. See 15 U.S.C. § 1692k(a)(1), (2)(A). And since Palm Coast's Offer does not include Newton's claimed actual damages, the Offer does not moot this case.

5

See <u>Lynch</u>, 2011 WL 2457903, at *1.  The Court will therefore deny Palm Coast's Motion to Dismiss.

The Motion to Dismiss, however, raises one other point requiring discussion. Although Newton's Rule 26 initial disclosures state that he is seeking "actual damages pursuant to 15 U.S.C. § 1692k(a)(1)," DE 15-1 at 3, the disclosures fail to provide a computation of those alleged damages.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a party to disclose "a computation of each category of damages claimed by" that party). Nor, according to Palm Coast, has Newton made "available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  <u>Id.</u>

While the Court has determined that Newton's Complaint adequately pleads actual damages under the FDCPA, his failure to calculate or document actual damages in his initial disclosures may ultimately bar him from recovering those damages. <u>See</u> <u>City of Rome v. Hotels.com, L.P.</u>, No. 12–14588, 2013 WL 6510384, at *7-*8 (11th Cir. Dec. 13, 2013) (affirming exclusion of certain damages evidence because of plaintiffs' failure to disclose computation of damages (citing Fed. R. Civ. P. 37(c)(1))); <u>Mee Indus. v. Dow Chem. Co.</u>, 608 F.3d 1202, 1221-22 (11th Cir. 2010) (same). Thus, the Court will direct Newton to provide amended disclosures that include a calculation of his actual damages and to make available all documents and other materials supporting that calculation.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii), (e)(1)(B). If Newton does not satisfy these obligations, then the Court will consider any request by Palm Coast for further appropriate relief.

### III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Defendant's Motion to Dismiss with Prejudice for Lack of Subject Matter

Jurisdiction [DE 8] is **DENIED**; and

2.    By no later than **February 10, 2014,** Plaintiff shall provide amended initial

disclosures that include a calculation of his actual damages and shall make

available all documents and other materials supporting that calculation.

If Plaintiff fails to meet this deadline, Defendant may seek appropriate relief

from the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 27th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Chief Magistrate Judge Barry S. Seltzer

Counsel of record